**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

Eastern District of Kentucky
FILED

AUG 0 6 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.**                                          INDICTMENT NO. 26-79-REW-MAS

**CHARLES A. TAYLOR**

\*   \*   \*   \*   \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 21 U.S.C. § 841(a)(1)

On or about April 22, 2026, in Fayette County, in the Eastern District of

Kentucky,

**CHARLES A. TAYLOR**

did knowingly and intentionally possess with intent to distribute 40 grams or more of a

mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled

substance, in violation of 21 U.S.C. § 841(a)(1).

### COUNT 2
### 21 U.S.C. § 841(a)(1)

On or about June 9, 2026, in Fayette County, in the Eastern District of Kentucky,

**CHARLES A. TAYLOR**

did knowingly and intentionally possess with intent to distribute a mixture or substance

containing a detectable amount of fentanyl, a Schedule II controlled substance, in

violation of 21 U.S.C. § 841(a)(1).

## FORFEITURE ALLEGATION
### 21 U.S.C. § 853

1.     By virtue of the commission of the felony offenses alleged in Counts 1 and 2 of this Indictment, **CHARLES A. TAYLOR** shall forfeit to the United States any and all property used, or intending to be used, to commit and to facilitate the commission of the violations of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **CHARLES A. TAYLOR** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.     The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**
a.  Approximately $4,870.00 in U.S. currency; and
b.  Approximately $2,027.00 in U.S. currency.

3.     If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

FOREPERSON

JASON D. PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY

RON L. WALKER JR.
ASSISTANT UNITED STATES ATTORNEY

## PENALTIES

**COUNT 1:**      Not less than 5 years imprisonment and not more than 40 years imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

**COUNT 2:**      Not more than 20 years imprisonment, a $1,000,000 fine, and 3 years supervised release.

**If prior conviction for a felony drug offense:** Not more than 30 years imprisonment, a $2,000,000 fine, and 6 years supervised release.

**PLUS:**      Mandatory special assessment of $100 per count.

**PLUS:**      Restitution, if applicable.

**PLUS:**      Forfeiture.